on behalf of Mr. Cruz. The court should reverse Mr. Cruz's conviction and I would like to address two issues today. The first is that Mr. Cruz was tried after more than 70 days had elapsed on the speedy trial clock. And the second is that the jury was not properly instructed on Mr. Cruz's theory of defense. Beginning with the Speedy Trial Act, more than 70 days elapsed after Mr. Cruz was indicted of non-excludable time because the district court impermissibly excluded over 500 days based on Mr. Cruz's pro forma discovery of a motion that the government did not... These were bona fide motions, mostly to protect the defendant from not getting disclosure that would in the ordinary course be given voluntarily. Had the judge expected most or all of the discovery to be made voluntarily but knew that there might be some conflicts, why wasn't there a bona fide pending motion? I'd like to answer your Honor's question in parts. First, whether there's an honest bona fide motion is not the relevant inquiry. The court should look to Sutter for what precisely needs to be looked at. It's whether there's an express continuance of the motion or a live pending dispute for the court to rule on. Here, the potential of future disputes is not a valid basis to exclude time based on a discovery motion. A discovery motion... I thought the structure of it was more motion, give me all the stuff, continuance, so we can find out what stuff we're going to give you. No, your Honor, that was not what happened here. And I'd like to draw the court's attention to two points in the record that I think will clearly answer it for the court and dispel much of the government's argument. The first is ER page 14, which is the March 23rd hearing. This is, I would argue, the most important hearing for the court to look at in analyzing the Speedy Trial Act issue. At this hearing, Mr. Cruz had filed the discovery motion about a month before. The government had not responded. No disputed discovery issue was presented for the court. And I asked for a continuance of approximately six weeks to file a motion to dismiss. At that point, the United States Attorney and I... I'm going for recollection. I'm going to try to pull up the transcript from my iPad in a moment. But based on my recollection, the court called the case for hearing, and you then said, well, I haven't had a chance to really look at the documents, and so we're going to ask to have this matter continued. And the court then said, well, is there going to be a motion to dismiss? Yes, we'll look into filing that as well. To me, that suggests that the defense is asking to put over the motions. And as I'm sure you know, discovery motions are such that the court always encourages counsel to work things out informally. So the record suggests to me that the court actually continued the hearing on motions, including the discovery motion, to give defense counsel a chance to informally discuss it with the government, give defense counsel a chance to review documents, and then bring back any disputed issues. So why doesn't the record fairly reflect that the motion was continued at least until June 22, and then under advisement from that point on, so then the government gets 30 days on top of that? Yes, Your Honor. Three reasons, and I'll endeavor to get through all three before quickly. First, there was the fact that additional discovery had not yet been provided does not create a live dispute. The court can see that directly in Sutter, where at the first hearing in Sutter, a DEA 7 lab report had not been turned over. The government said that it would produce it, and the future production of discovery does not create a live dispute. Wait a minute. Discovery motions, frequently nobody knows if there's going to be a dispute. The motion is filed protectively. Well, that's correct, Your Honor, but the court would typically expect to see a response in opposition to some of the things requested, and that would put a dispute before the court. I would like document A, the government says you're not entitled to document A, the court would rule. Here, there's no response in opposition. The government says it will provide the discovery the following week. I will meet and we will review the pending and outstanding discovery. That does not create a dispute as a matter of law under Sutter. The second is that the court can see from the docket that the discovery motion here is told essentially indefinitely throughout the pendency of the case. Well, that's why I find unpersuasive the government's argument that it's excludable all the way until I think August 2013, some year and a half plus later. But why doesn't the record fairly reflect that it was continued at least until June 22? Excellent. Page 49 of the record, I would point the court to. And on page 49 of the record, this is a June 8th hearing. It's the second hearing after the March 23rd hearing. The district court says, quote, this matter was continued for the motion to dismiss, end quote. I think what's telling is if the court looks at the four hearings that occur after the March 23rd hearing, all of these through June 22nd, which is what the government now argues is probably most likely the date when it was deemed submitted. All of the substance, the substance of the entire hearings was about the 1326D motion to dismiss. At no point does the government raise or the defense raise a disputed discovery issue for the court to rule on. At no point does the government file a response in opposition to the discovery motion. The motion is treated as an empty box, which is expressly prohibited under Sutter. Moreover, there's a presumption that the motion was deemed under advisement at the hearing after it was filed. This would be the March 23rd hearing. There's a presumption absent an express ruling from the district court to continue it. Mr. Rahe and the government argue that there are not specific findings that the court must make to toll the Speedy Trial Act with respect to a pending motion that the motion, the Speedy Trial Act is automatically tolled upon the filing of a motion. That's true, but the rules for a discovery motion like Mr. Cruz's are slightly different. And the court needs to look to the language in Sutter to see if an express continuance of the motion was made. All right. If we disagree with you and say that this was expressly continued to a date certain, unlike the Sutter situation was used just as an empty box because it was continued pursuant to the defense request. I want to make sure that you have an opportunity to address the delay subsequent to the July 29. June 22nd, actually, it would be 30 days after that point. I'm trying to get past that issue, assuming that we don't agree with you in terms of how Sutter applies. It was actually specifically continued to June 22. There's also a delay period that resulted subsequent to filing the Speedy Trial Act violation motion. How do you address that? I think it was 10 days, if I recall correctly. Correct. So the government calculates that if the discovery motion was taken under advisement on June 22nd, that that would have been left 75 days as of the date Mr. Cruz was tried, but 65 days as of when the Speedy Trial Act motion was decided. There's a 10-day gap between when the motion to dismiss was denied and trial. Right, which the defense didn't challenge, so why wasn't that waived? It's not waived. The government never presented this argument below. The district court never ruled on this precise argument that the motion was pending until June 22nd. The district court ruled that one day had been excluded on the Speedy Trial Clock, and that the defense pro forma discovery motion had told the entire time to filing the Speedy Trial Clock. Right, I understand that's your response to the government's calculation, that the government didn't argue it that way below, so you didn't think it was necessary to, I guess, preserve an appeal on the 10 days, but why doesn't the defense have an obligation to preserve it for purposes of the appeal anyway? So if you think that that time period was in violation of the Speedy Trial Act, wasn't it incumbent upon the defense to bring that issue to the court in order to preserve it for appellate purposes? I don't think that that's a fair characterization of the record here. The government cites to Wersing for this proposition in a footnote in its response in opposition, in its response at briefing. The factual situation in Wersing is completely different from what the court's presented with here. There, there was a fourth superseding indictment. The court ruled that all pending motions on the third superseding indictment were moot, and the defendants asked that that ruling be non-protunct back to the filing of the third superseding indictment, thus creating an additional period of delay. There, the court reasoned or ruled that the factual inquiry about what time is excludable is made at the time the Speedy Trial Act motion was filed. Here, it's unfair to fault Mr. Cruz for not raising and preserving an argument that was never presented on, was never presented by the government below, was never ruled on by the district court, and based on the government's argument and the court's ruling, he would have no basis to argue that the additional ten days would have been relevant. It's only now on appeal that the government claims that this different calculation is relevant and then that actually Mr. Cruz was tried 75 days, with 75 days excluded, but because he didn't make an objection based on an argument that they didn't make below and that the court didn't rule on, that Mr. Cruz should now be faulted for that. I don't think that that's a proposition that Wersing supports or one the court should adopt in the first instance here. Turning to the second issue, which is that the jury was not properly instructed on Mr. Cruz's theory of defense, the court must find that there's some basis. I don't know if it matters, but I'm not sure that the rhetoric of your argument quite fits the purpose of the statute. It's not a matter of whether Mr. Cruz should be faulted. It's a matter of whether the district court should be faulted for not getting the case to trial soon enough. We consider the responsibility of each side for delay, not necessarily fault, just responsibility, in making that determination, and what gives me a problem with your case is not whether anyone's at fault. It's whether Cruz made a discovery motion and there were repeated hearings on it. As the parties proceeded with the case to determine whether there were going to be any discovery disputes that needed to be adjudicated, the court indulged the parties in repeatedly resetting the hearing so that they could see if they had disputes. The thing about it is that the time period got awfully long for all this indulgence. That's true. The case certainly did proceed. In response to the court's question, I want to reiterate a point, I think, from Sutter, and this is at Penn site 1031. In Sutter, the court makes clear that the future possibility of a discovery dispute arising is not a valid basis to toll the clock based on a discovery motion. What's required is an active, live dispute at the time of the hearing or a continuance to address whether there will, in fact, be an active, live dispute. The court could see in Aviles-Alvarez that that situation arises. Basically what you had here. Isn't that a continuance to see if there would be a live dispute? No, Your Honor. That's not what happened here. There was no dispute in discovery. And the court can see that by looking further into the record. In the fall of 2012, there was, in fact, a discovery dispute. Mr. Cruz filed a supplemental discovery motion. The government responded. The court issued a ruling. And at no point did either party or the court treat Mr. Cruz's pending pro forma discovery motion as a vehicle to then decide the future discovery dispute. I think that's telling about whether the court was actually But couldn't the court specifically continue a pro forma discovery to a particular date, but then in the interim the discovery dispute just basically fell by the wayside. It became mooted by the party's ability to informally work out the issues and then it just never gets taken up again because nobody alerted the court to the fact that there was a need to resolve any outstanding discovery issues. Why isn't that a fair way to look at the record? Two reasons. Certainly that's what the district court thought. And she put on the record that nobody alerted her to the fact that that issue ended. Three reasons now. The first is that the district court did what it is prohibited as a matter of law from doing under Sutter and that's engaging in a post hoc inquiry into whether or not there was a discovery dispute. That's at page 1031 of Sutter. As a matter of law, the district court cannot engage in that post hoc inquiry. Second, here there is a continuance on the docket, but that was the same in Sutter. And third, I think in the way the court phrased the question is really important. You asked for an express continuance. The district court absolutely can expressly continue a pending pro forma discovery motion to an event certain or the happening of some other action. Here there is the absence of that express continuance. There is simply an indefinite pending discovery motion. It's treated as an empty box. The court at page 49 of the record says we're here on the motion to dismiss. At no point does the court ask for an update on discovery to see if it's been resolved. At no point is the court alerted that there's a dispute that the parties will meet to confer about. There's simply no dispute in the record and there's no express continuance. That's why this case is factually on all fours with Sutter and why the pro forma discovery motion did not toll the Speedy Trial Act. I see that I'm over time. Are you asking for exclusion of time that the judge granted the defense on the defense's own motion? Yes, Your Honor. As a matter of law, that is not a valid basis to exclude time under the Speedy Trial Act. Thank you, counsel. We'll give you a minute for rebuttal, but you have exceeded your time. Thank you. We'll hear from the government. Thank you, Your Honors. May it please the court, Mark Rahe for the United States. Your Honors, there was not a Speedy Trial Act violation in this case. When one looks to the record, on February 24th, 2012, defendant filed his first motion to compel discovery. The first time that came up on hearing was the March 23rd, 2012 hearing to which my opponent referred. At that hearing, as Judge Wynn pointed out, and it's a very short transcript. It's maybe a page and a half. Defense counsel expressly says, I haven't received any discovery yet. We're going to be meeting on this. And he asked for a continuous of six weeks. Now, the motion to dismiss also was discussed at that time, but two points about that. First of all, there was no unequivocal guarantee that such a motion would be filed. Second of all, that motion was not, in fact, filed until May 13, 2012. So what the government would submit to this court is that when the district court, on March 23rd, grants the defense's own request for a six-week continuance and continues the motion hearing, the most reasonable interpretation of that action is that that is referring to the only motion that had been filed thus far, which was the first motion to compel discovery. And then two times after that, there was a joint motion to continue, which did not specify only for the motion to dismiss, which, again, remember, was not filed until May 13, 2012. So, again, they have the burden of proof on a motion dismissed for a speedy trial act. What we are submitting is simply that a reasonable – How come, incidentally, that it needed to be continued further? Why did it need to be continued? Because the defense said that we haven't received, we haven't reviewed any discovery yet. Was it true? Had the government still not gotten around to providing the discovery? I believe we had provided some, but not all. And as shown at the July 29, 2013 hearing, two things in particular that the trial prosecutor never provided were agent rough notes and witnesses of various – excuse me, addresses of various – So two more hearings were needed because the government was slow in providing discovery. Well, I don't know about that, Your Honor. The record doesn't necessarily indicate that. All it indicates is that there's a joint motion to continue. And if anything, I believe Ms. Stingley, the trial prosecutor, is on record somewhere – I mean, it's an 850-page record. I don't have that exact insight, but she says at least more than once, I go overboard, I provide more discovery. I mean, by the end, there were several hundreds of pages turned over. And, in fact, it's interesting, halfway through this case, a gentleman named Mr. Marks came on board for the defense, and he's quoted somewhere in the record as saying, you know what, there's an awful lot of discovery I need to familiarize myself with. Doesn't that representation hurt the government's speedy trial calculation? Because it seems like the trial AUSA thought that she was overly complying, and nobody ever raised the live discovery dispute with the court again, essentially. It just kind of dropped by the wayside. The parties went away and worked it out. A few things. First of all, Your Honor, you know, there's a lot of overlap in this case. I mean, if you see from the record, it's not like this first motion to compel was filed, and then 15 months go by where everybody's just sitting around doing nothing. There's an awful lot of litigation that's going on. And a lot of that, there's other motions, motions to suppress statements, that take care of a lot of the time. But what our position is, notwithstanding the trial prosecutor's dutiful, you know, even by the very end of July 29th hearing, she reiterates, we still haven't provided two specified things that they asked for. All the government is arguing is the reasonable construction of that record is that a dispute did still exist. Now, they brought the motion, and as we pointed out in our papers, the defense had no problem withdrawing motions and notifying the district court as much when that's what they wanted to have happen. Here, this motion was left on file. They never notified the district court of anything. Our position is that, you know, we don't necessarily have to file an opposition to create a live discovery dispute. If they ask for items A, B, C, D, and E, and we don't give items B and C, that would seem to fit the definition of a discovery dispute. Since they brought the motion to compel, and it's their burden, if they don't alert the district court that this is no longer a live issue, I don't see how, you know, that somehow, that should be held against the speedy trial clock calculation. But what we're arguing is that when you have a February 24th motion that's set for a March 23rd hearing, and then you have at least four more continuances, that's a reasonable reading of the first rule in Sutter. And I'd also point out— I'm getting a little lost in the minutiae of the dates here. No, I'm trying not to. It's partly because the proceeding here is not consistent with my own experience and practice as a district judge, so I need some education from you. Okay. Routine, protective discovery motion by the defense for all the relevant documents, witness statements, all that sort of thing. Right. It's noticed up for hearing, and the government doesn't indicate any opposition to providing these things. They're not saying they're secret for one reason or another. They just want more time. So they're given a set time. No problem with that. They've now got several months to provide all the discovery. They have a hearing that's set for several months down. I can't remember how many. Everything's fine so far, and that's excludable time under 3161H. Then after that, it looks like nothing happens. It looks like the parties have had plenty of time for discovery. No one's claiming that anyone's resisting discovery. No one's claiming that discovery is done. No one's claiming the government has provided the material that they must either provide or give some excuse for not providing. Nothing happens, and it kind of looks like the court is saying, well, if you guys don't want to try the case now, it's okay with me. I've got other stuff to do. And that's just what the Speedy Trial Act is intended to prohibit, letting the case just drift on the docket. And that's what it looks like happened. So educate me. Correct. What happened was in June at the time, I believe it was halfway through June, the district court denies the motion to dismiss, and then the parties have a discussion. Well, do we have a trial date? It appeared from the record that there was a disposition that was imminent. In fact, the defense counsel put this matter on before a magistrate to enter a guilty plea and advise the court, the district court. The district court did not just walk away negligently. In fact, it said, well, we either need a trial date or how about a status hearing date. And what the defense counsel said is, well, in between that, I'm going to go to a magistrate and put this on for a guilty plea. And then what happened was apparently the negotiations fell apart, and then sometime in August of 2012, the defense counsel makes a motion, please put this back on status. So what I would submit on that record, Your Honor, I mean, yes, the Speedy Trial Act obviously has a solitary purpose. Here, the district court was following all the parties' leads. You know, you file a motion. Defense, you want discovery. Then the first thing you say is you want six-week continuance. I'm giving you that. And I want to say set this for trial, but no, let's do it for a status hearing. And then you have in the fall of 2012 motion. That strikes me as a righteous continuance. It's obvious you're going to need a continuance there. Exactly, Your Honor. So, you know, our position is, I mean, there's two ways to go about, you know, we set forth two arguments. We think, first of all, it has been expressly continued. The motion hearing was continued at a time when the only motion on record was the first motion to compel. Now, what we'd also point out, and I'm just reading straight from Sutter itself, discovery motion will be deemed under advisement as of the date of the last hearing or filing of supporting papers, whichever is later, absent evidence that the motion was actually taken under advisement later than that. Here, the district court in June of 2013 held a hearing on this and specifically made findings and said, you know what, back in March 23rd, you appeared before me and you said you haven't seen all the discovery. Those were the last words out of your mouth. And you never tell me that the motion has been withdrawn. I'm going to make a finding that it's still under advisement. And under the Aviles-Alvarez case, that's a factual finding reviewed for clear error, which this court knows obviously raises it to a high level. But I would also point out a statement on page 1033 of Sutter. It says, we do not ordinarily second-guess a district court's conclusion that a hearing is needed. And interestingly, in Sutter. Live dispute for Sutter purposes? Was there a live dispute for Sutter? What was the live dispute for Sutter purposes? I believe the government's failure to turn over the agent's rough notes and addresses of witnesses. Those are two itemized things that the prosecutor detailed at the June 29th, 2013, or I'm sorry, at the August 2nd, 2013 hearing. And she never provided those things. And then it was, my position is that if that's what the defense asked for and they're not provided, that creates the dispute. But again, Sutter says, we do not ordinarily second-guess a district court's conclusion that a hearing is needed. And interestingly enough, in Sutter, no hearing ever did happen. And to the extent this court wants to compare facts, when you look at Sutter, the very first hearing. So was there a hearing on whether the government did or did not have a duty to turn over the agent's rough notes and witness addresses? Yes, and I believe that happened on August 2nd of 2013. Was that triggered by a new motion to compel discovery? Well, no, that was triggered by the motion to dismiss for speedy trial, Your Honor. And we'd also point out, it reminds me of something else, I know you had asked about these 10 extra days to the extent the court finds that this is relevant. I know my opponent, I want to make a point about the United States v. Wersing case. On page 24 of the government's brief in the 10th footnote, the only reason I brought this up was I kind of thought it was a typographical error at first. In the court below, they make a claim that it's 112 days. At page 34 of the opening brief, they say 112 days. But then suddenly at page 39 of the opening brief in appendix A, they say 122 days. So when I did the research, I came up, the way I read Wersing, this isn't subject to factual dispute, this is a legal rule. And it says in plain English, in ruling on a motion to dismiss an indictment for failure to comply with the Speedy Trial Act, a court need only consider alleged delay which occurs prior to and including the date on which the motion is made. And it says the right to challenge any subsequent delay is waived absent the bringing of a new motion to dismiss. So under that rule, I don't think those 10 days- How do you respond to his argument that because you didn't make the argument below, that it was specifically continued to the June 22 date, he didn't think it was relevant to preserve that? I mean, I honestly don't know what to say about that, Your Honor. A lot of times this court says we can compel on any grounds having basis in the record. I mean, by the time the case comes to me on appeal, Wersing was decided 10 or 15 years ago. They're imputed with knowledge of the law. To the extent there's any fairness question, I don't think it's an issue that somehow he was sandbagged. And, you know, of course, another fairness thing to keep in mind, too, is let's look at the big picture here. We're talking about a public policy of speedy trial. This defense waited 11 months after the day they claimed that the clock expired, during which they filed motions to suppress the chat, contested evidentiary hearings, second motion to compel discovery and a renewed motion to reconsider their motion to dismiss on the 1326 D. If ever there was a case that doesn't that shouldn't raise red flag notice. I know that was maybe a term from an earlier argument about speedy trial concerns is this one. And so unless the panel has any further questions, I know we've only discussed the Speedy Trial Act, but I'm happy to submit on the rest of the briefing as to the other issues. It appears there are no additional questions. We'll give you a minute for rebuttal. Thank you. I appreciate it. I'd like to address Mr. Rakey's argument that the agent rough notes, as well as the witness addresses, created a live pending discovery dispute 17 months after Mr. Cruz filed his motion to compel discovery. To begin with, there was no ruling by the district court on these two issues. You can see that at ER, page 291 to page 292. And the government filed its response in opposition to Mr. Cruz's motion to compel. One day before, Mr. Cruz piled the motion to dismiss for Speedy Trial Act, and it was after government counsel had given notice that the motion to dismiss pursuant to Sutter would be forthcoming. So what's the import of that in your view? The import is that there is no import. Sutter expressly prohibits as a matter of law a post hoc inquiry into whether a live dispute existed. Sutter set forth a bright line rule. The court looks to the transcript of what occurred at the time of the hearing, March 23rd. What happened 17 months later in August of 2013 has no relevance about whether on March 23rd, 2012, there was a live pending discovery dispute or whether the district court on that date made an express continuance for a further hearing on the discovery motion. The government is trying to inject a discovery dispute into the record to protect itself, to insulate itself from Sutter. But it belies Sutter because there's no post hoc inquiry. Moreover, the district court never even ruled on the two pieces of discovery that the government now. But does that mean that there was no dispute, there was no live issue at the time? There was no live issue at the time on March 23rd. There was forthcoming discovery, but no live dispute that required ruling by the court. When did the issue arise so far as the papers reveal it about the rough notes and the addresses? As far as the papers reveal it? The issue arose when the government filed its response in opposition to Mr. Cruz's discovery motion, the disputed discovery motion. That's ER page 265. That's filed over 17 months after Mr. Cruz filed his motion to compel discovery. And one day before Mr. Cruz files the motion to dismiss under Sutter and after the government was given notice of the motion that was forthcoming under Sutter. So what the government's doing in its response in opposition is trying to inject a dispute into the record so as to protect itself from Sutter. So as far as the record indicates, there was no live dispute from the time of the motion to 17 months later? That's correct. Even if the court wants to say that the government filing its response in opposition created a dispute the moment the government filed it, that's fine. It would not change the Speedy Trial Act calculation. I think under Sutter a protective discovery motion is fine as long as there's a date set for hearing on it. That's correct, but it must be an express continuance. There was for the first one. I think it was 120 days. An express continuance. Wasn't there an express continuance for 120 days at defense request initially? I'm sorry, Your Honor, in Sutter or in Mr. Cruz's case? In this case. No, Your Honor, there was not. And there was a request for a continuance to file a motion to dismiss under 1326D. There was no request for a continuance for a discovery ruling, and there was no and the record, I think, is clear on this point. Moreover, the court. I didn't read it as clear. It looked to me like there was a defense request for 120-day continuance. The judge asked, is there likely to be a motion to dismiss? And you said, we're considering it or something like that. That's correct, and I said I'd like the continuance in order to prepare the motion to dismiss. Do you think that's not express, though? No, it's not express. What's required. Just so I understand your argument. So if counsel asks for a particular number of days and the judge allows that, you're saying that's not express? Well, in certain terms it is an express continuance to a certain date. You may have been thinking about dismissal, but what the judge was talking about with you was discovery. And you're saying, well, it wasn't a continuance on the discovery because that's not what I was thinking about, really. But what was before the judge was a discovery motion. Again, the court needs, the district court here needed to have set the motion for further hearing on, or set the case for further hearing on the discovery motion. That was not done. Continuing it on the docket is insufficient as per Sutter. Moreover, in Sutter. June 22. I'm sorry. He did. June 22. Judge San Martino had a series of continuances. That would be the fifth. All pursuant to stipulation, though, right? Not all pursuant to stipulation. The parties came in and there were, we didn't object to the continuances, but there were some that were stipulated to by joint motion, and then there were several hearings that were just scheduling on the motion to dismiss. The government requested additional time to respond. The court had a conflict to set oral argument and so forth. At no point is there a discovery dispute or a ruling on the discovery motion to continue it to a certain date. Moreover, at ER page 49, the district court says, I set this for a motion to dismiss, and that's on June 8th. And so here, to the extent the court views the record to be ambiguous and that my request potentially was an express request to continue the discovery motion, the court in Sutter applied a presumption. The motion is presumed to be deemed under submission absent an express ruling by the district court. And here, there is no express ruling by the district court. And the government's filing 17 months later to inject this post hoc dispute into the case does not further its argument. The court should dismiss Mr. Cruz's conviction because more than 70 days elapsed. Thank you, counsel. Thank you very much. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Kleinfeld, Rawlinson, Nguyen